This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO. 32,484**

**MICHAEL TOWLER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Schuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

    Defendant-Appellant, Michael Towler, appeals from his conviction on one count of larceny over $500, a fourth degree felony, following a bench trial. [RP 75,

MIO 1] We issued a notice proposing to summarily affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's argument and affirm.

On September 9, 2011, Defendant stole a discarded cattle guard and sold it to a local scrap yard for $254.80. [MIO 1-2] Approximately one week later, Defendant purchased the cattle guard back from the scrap yard for $551.80. [MIO 2-3] At trial, the owner of the cattle guard testified that the fair market value of the cattle guard was $10,000. [MIO 3] Upon questioning from the judge, the owner testified that the fair market value of the cattle guard was $2,500. [MIO 3] Defendant was convicted of larceny over $500.

Defendant continues to argue that there was insufficient evidence to support his conviction because there was insufficient evidence to show that the scrap metal he stole had a market value of over $500. [MIO 4-5] In reviewing the sufficiency of the evidence, "we view the evidence in the light most favorable to the verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict[.]" *State v. Archuleta*, 2012-NMCA-007, ¶ 15, 269 P.3d 924. We then "make a legal determination of whether the evidence viewed in this matter could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "The question is whether the district court's decision is supported by

2

substantial evidence, not whether the district court could have reached a different conclusion." *Id.* (alteration, internal quotations marks, and citation omitted).

We conclude that the district court's decision was supported by substantial evidence. Specifically, the owner of the cattle guard testified that the cattle guard had a fair market value of $2,500, and Defendant admitted to purchasing the cattle guard from the scrap yard for $551.80. As we explained in our notice, to the extent there was a conflict in the evidence regarding the market value of the cattle guard, we do not weigh the evidence on appeal, but defer to the district court. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 ("We defer to the district court when it weighs the credibility of witnesses and resolves conflicts in witness testimony.").

For the reasons stated above and in our notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES, J. WECHSLER, Judge**


_____

**MICHAEL E. VIGIL, Judge**